SECOND NATIONAL BANK OF DUBUQUE, IOWA, Appellant, v. G. HAERLING, *et al.*

**Judgments:** ATTACHMENT: *Conclusiveness.* Code, 1873, section 3011, provides that, when judgment is rendered for the plaintiff in attachment, the court shall apply to the judgment the proceeds of perishable property attached, or shall order a sale of attached property not yet sold. Plaintiff recovered judgment in an action where attached property was sold as perishable, and the judgment contained no reference to the proceeds, and plaintiff thereafter moved for an order applying the proceeds to his judgment, which motion was denied. No appeal was taken, and the sheriff paid over the proceeds to the judgment debtor. *Held,* in an action by the judgment creditors against the sheriff and sureties for conversion, that the motion was a part of the former judgment, which

had become final by failure to appeal, and hence determined plaintiff's rights in the attached property.

*Appeal From Plymouth District Court.*—HON. SCOTT M. LADD, Judge.

FRIDAY, OCTOBER 21, 1898.

THE defendant Haerling is sheriff of Plymouth county, and the other defendants are sureties on his official bond. In July, 1884, the plaintiff's assignor brought suit against Frahm & Mitchell and Ida Frahm in the district court of Ida county, asking judgment for three thousand dollars, and sued out a writ of attachment, which was levied upon personal property of the defendants. The levy of the writ was made July 17, 1884, and the property was afterwards sold, as perishable, on the fourteenth of October, 1884, the amount realized therefrom being one thousand, nine hundred and thirty-nine dollars and fifty-seven cents. Prior to the levy of the writ of attachment, all the property seized by virtue of it, had been sold to Ida Frahm, and at the time of the levy she was the sole owner thereof. On the trial of said cause, and on November 28, 1890, judgment was entered for plaintiff against Ida Frahm for $4,173, with interest and costs. The judgment was personal, and contained no order or direction as to the attached property; and after the rendition of said judgment, and before the commencement of this suit, the sheriff, without the consent of plaintiff, paid the proceeds of said property to Ida Frahm. In May, 1891, a motion was filed for an order correcting the judgment entry so as to require the money to be paid on the judgement, which motion was overruled. Thereafter, in February, 1893 this suit in equity was commenced against the sheriff and the sureties on his bond, asking judgment for the amount of the judgment in the other suit, on the ground that the sheriff had wrongfully converted the property levied upon. The district court dismissed the petition, and the plaintiff appealed.—*Affirmed.*

*Wright, Call & Hubbard* for appellant.

*T. P. Murphy* for appellees.

GRANGER, J.—The legal proposition first considered in argument is the effect of no order being included in the judgment as to the attaching property. We are cited to several cases in this state by appellant, and they are thought to be controlling, and to fix the liability of the sheriff, because without the judgment entry, the lien of the attachment continued. The statute applicable to this case, governing the disposition of attached property after the judgment is rendered for plaintiff, is section 3011, Code of 1873, as follows: "If judgment is rendered for the plaintiff in any case in which an attachment has been issued, the court shall apply in satisfaction thereof, the money arising from the sales of perishable property, and if the same is not sufficient to satisfy the plaintiff's claim, the court shall order a sale by the sheriff of any other attached property which may be under his control." We do not find it necessary to consider the question as to the effect of not sustaining the attachment or ordering special execution in the judgment in the attachment suit at the time it was entered. The judgment was entered in November, 1890. In May thereafter, the motion was made to correct the judgment so as to order a sale of the property, or for disposition of the proceeds of the same, which was refused. The motion is in the following words: "Plaintiff moves the court for an order in the above-entitled cause for sale of attached property, or for the disposition of the proceeds of the same, and to correct the record so as to include said order." This motion was a direct application for the court to apply, in satisfaction of the judgment, the money arising from the sale of the attached property, under the provisions of section 3011, above quoted. The denial of the motion was a judicial determination in that proceeding that plaintiff was not entitled to such an order. The grounds of the holding do not appear, and we do not inquire for them; nor do we inquire as to the correctness of

the holding. The ruling on the motion was a part of the record and judgment entry in that case, and the judgment, by lapse of time, has become final, there having been no appeal. Such a judgment operates to discharge the attached property, and concludes the rights of the parties thereto under the attachment. If the judgment, as finally made, was erroneous, the remedy was by appeal. This action is by equitable proceedings, and a defense, pleaded and relied on is that no grounds for equitable relief are shown. This seems to be true, and, as the district court so held, its judgment must stand AFFIRMED.

LADD, J., took no part.